UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBRA PRICE,

                             **Plaintiff,**

v.

                                                13-CV-0504S(Sr)

**ROSWELL CANCER INS.,**

                             **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #12.

Plaintiff commenced this action, *pro se*, alleging discrimination and termination from her employment on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Dkt. #1.

Currently before the Court is plaintiff's motion to compel a response to two interrogatories. Dkt. #72.

In accordance with Rule 37 of the Federal Rules of Civil Procedure, a party moving for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." No such statement is included with plaintiff's motion.

In any event, defendant's responses to the interrogatories are appropriate.

Plaintiff's Interrogatory No. 5, directed to Melissa Pace, states as follows:

> Mrs. Melissa Pace you recommend disciplinary actions against me I was FMLA qualified that is FMLA interference, read your entire e-mail note marked exhibit 36 you state that I still have not met the criteria for a confidential medical certificate because the days are not consecutive I was terminated. I was on FMLA leave for 21 days my FMLA leave began 10/3/2011 read your e-mail note Mrs. Pace marked exhibit 38. You placed me on unauthorized leave 10/21/2011 my FMLA leave was approved 10/28/2011 I have included my approved family medical leave form marked exhibit 39, I am later terminated for excessive absences as well, you were suppose to make sure that none of my absences underlying my termination was FMLA-qualifying which is FMLA interference. response

Dkt. #60, p.5. Defendant responded with objections to the interrogatory on numerous grounds, including that the interrogatory "does not pose a question." Dkt. #68, p.6. As the Court agrees that it is impossible to discern from plaintiff's interrogatory what information plaintiff is seeking from defendant, this aspect of plaintiff's motion to compel is denied.

Plaintiff's Interrogatory No. 7, directed to Susan Johnson, states as follows:

> Mrs. Susan Johnson when did you become aware?
> response

Dkt. #57, p.6. This interrogatory seeks to follow up on Interrogatory No. 6, which states:

> Mrs. Susan Johnson were you aware of the hostile work environment in the food service department? response

Dkt. #57, p.6. Defendant responded to Interrogatory No. 7 by referring plaintiff to its response to Interrogatory No. 6, which stated that defendant "is not now aware of, nor was it ever aware of, a hostile work environment in the food service department." Dkt.

#65, pp.7-8. This is a sufficient response to plaintiff's interrogatories. Accordingly, this aspect of plaintiff's motion to compel is also denied.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 15, 2015

                                              *s/ H. Kenneth Schroeder, Jr.*
                                              H. KENNETH SCHROEDER, JR.
                                              United States Magistrate Judge